UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   16-20852-CIV-GAYLES/TURNOFF

MICHAEL ROBERT TEIGEN,

    Plaintiff,

vs.

JULIO FRENK, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff Michael Robert Teigen, appearing *pro se*, filed this action on March 9, 2016. [ECF No. 1]. The Court has reviewed the Complaint and the record and is fully advised.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 Fed. App'x 635, 637 (11th Cir., 2015) (citations and internal quotation marks omitted). "[E]ven pro se litigants must comply with the Federal Rules of Civil Procedure." *Maza v. Ware*, 81 F. Supp. 3d 16, 18 (D.D.C. 2015).

Plaintiff alleges "financial fraud" at the University of Miami and asserts this Court has jurisdiction pursuant to HR 4137, the Higher Education Opportunity Act (the "HEA"). "[T]he HEA does not expressly confer a private right of action, as the HEA only provides for a suit brought against the Secretary of Education." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002). Plaintiff alleges no other basis for this Court's jurisdiction. Federal courts must dismiss an action *sua sponte* if subject matter jurisdiction is lacking. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003). Consequently, the Court must dismiss this action for lack of subject matter jurisdiction.[1]

Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED,** and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915(e) are applicable. As the Court is dismissing the case for lack of subject matter jurisdiction, it does not address whether dismissal is appropriate under § 1915.